UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

THOMAS E. OHLSON,                                      Case No. 12-CV-0658 (PJS/JJG)

        Plaintiff,

v.                                                     ORDER TO SHOW CAUSE

BRADLEY SLAWSON, SR. and BRADLEY
SLAWSON, JR.,

        Defendants.

---

Richard T. Wylie, ATTORNEY AT LAW, for plaintiff.

Katrina E. Joseph and Martin J. Costello, HUGHES & COSTELLO, for defendants.

Plaintiff Thomas E. Ohlson (who appears to be a resident of Minnesota) sued defendants Bradley Slawson, Sr. and Bradley Slawson, Jr. (who appear to be residents of Minnesota) for defamation in Minnesota state court.  The Slawsons appear to have removed this lawsuit to federal court on the grounds that they have a federal defense.  Specifically, the Slawsons argue in their removal papers that their speech was protected by § 101(a)(2) of the Labor Management Reporting Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(2), and, therefore, this Court has federal-question jurisdiction under 28 U.S.C. § 1331.

To invoke jurisdiction under § 1331, "the federal question generally must appear on the face of the complaint." *Luecke v. Schnucks Markets, Inc.*, 85 F.3d 356, 358 (8th Cir. 1996).  The existence of a federal *defense* to a state-law claim does not support removal to federal court.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) ("Congress has long since decided that federal defenses do not provide a basis for removal."); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000) ("A defendant is not permitted to inject a federal question into an

CASE 0:12-cv-00658-PJS-JJG   Document 6   Filed 03/19/12   Page 2 of 3

otherwise state-law claim and thereby transform the action into one arising under federal law.").

Here, Ohlson seeks damages for defamation — a state-law claim.  Even if the Slawsons'

allegedly defamatory speech were protected by federal law, that alone would not provide a basis

for removal to federal court.

Although the Slawsons do not cite preemption as a basis for removal, the Court notes that

there is a narrow exception to the general rule described above when the state-law claim is

completely preempted by federal law.  *See Luecke*, 85 F.3d at 358 (where there is complete

preemption, "any claim purportedly based on that pre-empted state law is considered, from its

inception, a federal claim, and therefore arises under federal law" (quoting *Caterpillar*, 482 U.S.

at 392)).  But the LMRDA does not appear to completely preempt state law and, therefore,

Ohlson's defamation claim does not appear to fall within this exception.  *See Hahn v. Rauch*, 602

F. Supp. 2d 895, 910 (N.D. Ohio 2008) ("The Supreme Court has never held that the LMRDA

completely preempts state law."); *Gerow v. Kleinerman*, 01-138, 2002 WL 1625417, at *4

(D.N.J. July 2, 2002) ("Having reviewed the relevant case law . . . the Court finds that at best the

LMRDA presents a preemptive federal defense to state law causes of action, which is not

sufficient to sustain removal."); *Brock v. Union Local No. 830*, 07-4258, 2008 WL 2945387, at

*4 n.8 (E.D. Pa. July 30, 2008) ("Unlike 'complete preemption' under the LMRA . . . preemption

under the LMRDA does not provide an independent basis for federal court jurisdiction."); *see*

*also Box Tree South, Ltd. v. Bitterman*, 873 F. Supp. 833, 840 (S.D.N.Y. 1995) ("While the

Supreme Court has found that federal labor law provides limited preemption of state law libel

claims arising in labor disputes, that preemption is not complete preemption . . . .").

-2-

Accordingly, IT IS HEREBY ORDERED THAT defendants must file a memorandum of no more than 2,000 words no later than Tuesday, March 27, 2012, showing cause why this lawsuit should not be remanded to state court for lack of jurisdiction.


Dated: March 19, 2012                          s/Patrick J. Schiltz
                                               Patrick J. Schiltz
                                               United States District Judge