UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| THOMAS E. OHLSON, | Case No. 12-CV-0658 (PJS/JJG) |
| Plaintiff, | |
| v. | ORDER |
| BRADLEY SLAWSON, SR. and BRADLEY SLAWSON, JR., | |
| Defendants. | |

---

Richard T. Wylie, ATTORNEY AT LAW, for plaintiff.

Katrina E. Joseph and Martin J. Costello, HUGHES & COSTELLO, for defendants.

Plaintiff Thomas E. Ohlson (who appears to be a resident of Minnesota) sued defendants Bradley Slawson, Sr. and Bradley Slawson, Jr. (who appear to be residents of Minnesota) for defamation in Minnesota state court.  It appeared to the Court that the Slawsons impermissibly removed this lawsuit to federal court on the grounds that they have a federal defense — namely, that their speech was protected by § 101(a)(2) of the Labor Management Reporting Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(2).  Accordingly, the Court ordered the Slawsons to show cause why the lawsuit should not be remanded to state court for lack of jurisdiction.  *See* Order Mar. 19, 2012 [Docket No. 6].

In their response, the Slawsons admit that the existence of a federal defense to a state-law claim does not support removal to federal court.  *See* Def. Mem. to Show-Cause Order at 3 [Docket No. 7].  The Slawsons maintain, however, that they are not merely raising a federal defense; instead, they argue, Ohlson's complaint "represents an attempt to limit the breath [sic],

scope, and extent of federally-protected election speech by union members, under the guise of a tort action for defamation." *Id.* at 4.

Even if this is true, though, the Slawsons would merely have a federal *defense* to Ohlson's defamation claim. Such a defense does not provide a basis for removal to federal court. *See Luecke v. Schnucks Markets, Inc.*, 85 F.3d 356, 358 (8th Cir. 1996) (explaining that to invoke jurisdiction under § 1331,"the federal question generally must appear on the face of the complaint"); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000) ("A defendant is not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law."); *see also Gerow v. Kleinerman*, 01-138, 2002 WL 1625417, at *4 (D.N.J. July 2, 2002) ("Having reviewed the relevant case law . . . the Court finds that at best the LMRDA presents a preemptive federal defense to state law causes of action, which is not sufficient to sustain removal.").

The Court recognizes that there is a narrow exception to the general rule described above when the state-law claim is completely preempted by federal law. *See Luecke*, 85 F.3d at 358 (where there is complete preemption, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law" (internal quotations omitted)). Without expressly citing complete preemption, the Slawsons nevertheless appear to argue that Ohlson's complaint is really a federal claim disguised as a state-law claim. But the Slawsons have failed to cite — and the Court has not found — any support for the proposition that the LMRDA completely preempts state law. *See, e.g.*, *Hahn v. Rauch*, 602 F. Supp. 2d 895, 910 (N.D. Ohio 2008) ("The Supreme Court has never held that the LMRDA completely preempts state law."); *Brock v. Union Local No. 830*, 07-4258, 2008 WL 2945387, at

*4 n.8 (E.D. Pa. July 30, 2008) ("Unlike 'complete preemption' under the LMRA . . . preemption under the LMRDA does not provide an independent basis for federal court jurisdiction."); *Box Tree South, Ltd. v. Bitterman*, 873 F. Supp. 833, 840 (S.D.N.Y. 1995) ("While the Supreme Court has found that federal labor law provides limited preemption of state law libel claims arising in labor disputes, that preemption is not complete preemption . . . .").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff Thomas E. Ohlson's lawsuit is REMANDED to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March  28 , 2012

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge